MEDINA LAW FIRM LLC
Eric S. Medina, Esq. (NY Bar No. 4292538)
*Pro Hac Vice*
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Telephone: (212) 404-1742
Facsimile: (888) 833-9534
Email: emedina@medinafirm.com

Lisa I. Carteen (SBN 204764)
Andrew A. Wood (SBN 279403)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email:  lcarteen@bakerlaw.com

Attorneys for Defendants
KI YOUNG LEE AND HYE KWON LEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIVING ON THE EDGE, LLC, a California Limited Liability Co.<br><br>            Plaintiff,<br><br>    v.<br><br>KI YOUNG LEE, an individual, and HYE KWON LEE, an individual,<br><br>            Defendants. | Case No.: 14-CV-05982 MWF (JEMx)<br><br>[Honorable Michael W. Fitzgerald Courtroom 1600]<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO "CONSTITUTIONAL CHALLENGE" IN DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date:    August 24, 2015<br>Time:    9:00 a.m.<br>Crtm.:   1600<br><br>Complaint Filed: July 30, 2014 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendants Ki Young Lee and Hye Kwon Lee (collectively, the "Lees") respectfully submit this Response to Plaintiff Living on the Edge, LLC's ("LOE") improper "Objection to Constitutional Challenge in Defendants' Reply in Support of Motion for Partial Judgment on the Pleadings" (the "Objection") [Dkt. No. 125].[1]

LOE incorrectly argues that the Lees failed to comply with Federal Rule of Civil Procedure 5.1 ("Rule 5.1"). However, the Lees have not raised a novel "constitutional challenge" requiring notification to the Attorney General as contemplated by Rule 5.1. Instead, the Lees have simply pointed to Ninth Circuit and California precedent where courts have *already ruled* that Code of Civil Procedure Section 351 ("Section 351") is unconstitutional as to nonresident defendants such as the Lees. *Abramson v. Brownstein*, 897 F.2d 389, 392-93 (9th Cir. 1990); *Dan Clark Family Ltd. Partnership v. Miramontes*, 193 Cal.App.4th 219 (2011); *see also Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988). Rule 5.1 plainly contemplates that the state or federal government whose legislation is being challenged for the first time should have an opportunity to respond and defend the constitutionality of the statute. Here, however, the Ninth Circuit and Court of Appeal *have already ruled the statute is unconstitutional*.

Rule 5.1 certainly does not suggest that the California Attorney General should be notified to weigh in on an issue that has long been decided. That is the case here. In 1990, the Ninth Circuit ruled Section 351 unconstitutional as to defendants such as the Lees. In 2011, the California Court of Appeal followed the Ninth Circuit's lead. There is no need, 25 years after the Ninth Circuit's ruling and over four years after the Court of the Appeal's decision, for the Attorney

---

[1] Plaintiff's "Objection" is nothing more than a veiled sur-reply that improperly presents additional substantive argument regarding the Motion for Partial Judgment on the Pleadings. Local Rule 7-10 prohibits the opposing party from filing a response to the reply. Plaintiff did not obtain an order from the Court permitting it to file this sur-reply, so the sur-reply should be disregarded as it is in violation Local Rule 7-10.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' RESPONSE TO OBJECTION RE
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS; CASE NO.: 14-CV-05982 MWF (JEMx)

General to be notified with a request to weigh in on an issue that has already been decided.

Finally, LOE's contention that the constitutionality of Section 351 as to the Lees is a "factual" question is wrong.  LOE's Opposition concedes that the Lees are out-of-state residents.  Indeed, the Lees' status as out-of-state residents forms *the entire basis* for LOE's attempted application of Section 351.  LOE cannot reasonably contend that the Lees did not engage in interstate commerce—the entire basis for LOE's lawsuit is its contention that New Jersey residents entered into a contract with a California corporation to guarantee a loan that was made from California to New Jersey.  This is within the very definition of interstate commerce.  *See* Black's Law Dictionary, 10th ed. (2014).  Indeed, in *Abramson*, the Ninth Circuit addressed a similar situation, whereby California purchasers pursued a Massachusetts coin-seller who remained outside of California during the limitations period.  Moreover, the facts regarding the Lees' and LOE's citizenship are readily apparent from the face of the Complaint and from other pleadings already on file with this Court.  *See, e.g.,* Plaintiff's Response to Order to Show Cause regarding Citizenship, Doc. No. 9; Compl., Dkt. No. 1.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    For each of the foregoing reasons, Plaintiff's Objection should be

2  disregarded.

3                                          Respectfully submitted,

4

5  Dated:  August 19, 2015                 BAKER & HOSTETLER LLP

6                                          By:  */s/ Lisa I. Carteen*
                                                LISA I. CARTEEN
7

8                                          *Attorneys for Defendants*
                                           KI YOUNG LEE AND
9                                          HYE KWON LEE

10

11

12

13  Dated:  August 19, 2015                MEDINA LAW FIRM LLC

14                                         By:  */s/ Eric S. Medina*
                                                ERIC S. MEDINA
15

16                                         *Attorneys for Defendants*
                                           KI YOUNG LEE AND
17                                         HYE KWON LEE

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' RESPONSE TO OBJECTION RE
MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS; CASE NO.: 14-CV-05982 MWF (JEMx)